CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1917.

---

McLAUGHLIN ET AL *v.* O'BYRNE.

[74 South. 274, Division B.]

1. EXECUTORS AND ADMINISTRATORS. *Accounting. Solicitors fee. Allowance.*

The allowance of a fee of one thousand dollars to the solicitor for the administrator of an estate, consisting of a bank deposit of about four thousand dollars and a note of one thousand dollars, who is not called upon to perform any unusual labor nor to advise on any complicated questions of law or fact is excessive.

2. EXECUTORS AND ADMINISTRATORS. *Control of chancellor.*

An administrator is always under the control of the chancellor who in theory, is the administrator charged with the duty to see that the agent of the court executes his trust in the interest of the beneficiaries thereof.

APPEAL from the chancery court of Noxubee county. HON. A. Y. WOODWARD, Chancellor.

Exceptions by Bridgett McLaurin and others, to the final account of M. O'Byrne, administrator of the estate of James Haffey, deceased, exceptions overruled and final account allowed and objections appealed.

The facts are fully stated in the opinion of the court.

*Harden Brooks,* for appellants.

*A. T. Dent, I. L. Dorroh* and *Green & Green,* for appellee.

Cook, J. P., delivered the opinion of the court.

This case comes to this court on exceptions to the final account of the adminstrator of the estate of James Haffey, deceased.    The exceptions were everruled by the chancellor, and the final occount allowed.    From this judgment the objectors appeal.

The estate consisted of money in bank, about four-thousand dollars and a promissory note of one-thousand dollars the aggregate of the assets was between five thousand dollars and six thousand dollars.

The main contention here is that the allowance of a solicitor's fee of one thousand dollars was grossly excessive, and it is also insisted that the solicitor for the objectors was denied a sufficient time to present his proof and exceptions.    The hearing and entry of the decree was had and done in vacation.    An inspection of the record has convinced this court that the fee allowed appears to have been excessive and we think that the chancellor was controlled, no doubt, by the opinions of lawyers, given, we believe, in answer to hypothetical questions which did not embrace all the facts of the case.    The administration of this estate was a very simple matter, and the administrator's attorney was never called on to perform any unusual labor, or to advise about any complicated questions of law or fact.    This being true, we are of opinion that the allowance was excessive.    There may have been special circumstances justifying the allowance of a fee, excessive on its face, but no such circumstances are of record.    If this was an ordinary case, involving a contract between a lawyer and his client, we, of course, would not assume the functions of guardianship of the client who had made a bad trade.    The case before us, however, is not of that character.

An administrator is always under the control of the chancellor, who, in theory, is the administrator charged with the duty to see that the agent of the court executes his trust in the interest of the beneficiaries thereof.

In the light of the facts of record we are convinced that the decree allowing the final account should be reversed, and the cause remanded, for further proceedings after all parties have been given a full hearing on all the items of the account.

*Reversed and remanded.*